**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PROJECT ON PREDATORY STUDENT LENDING,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br>Defendant. | Civil Action No. 26-cv-13040-NMG |

# ANSWER

Defendant United States Department of Education ("Defendant"), by and through undersigned counsel, hereby responds to the Complaint filed by Plaintiff alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

## RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

1. Paragraph 1 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring this lawsuit pursuant to the FOIA.

2. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

3. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Defendant admits that it received five FOIA requests from Plaintiff in November 2023, and ten FOIA requests from Plaintiff in April 2025. Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

6. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA requests.

## JURISDICTION AND VENUE[1]

7. Paragraph 7 contains statements of law regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

8. Paragraph 8 contains statements of law regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. Defendant admits it is an agency of the United States within the meaning of 5 USC § 552(f). The remainder of the allegations in Paragraph 5 consist of legal conclusions to which no response is required.

## FACTS

**ED'S Group Discharges**

11. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is required, and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**PPSL'S November 2023 Requests**

17. Defendant admits that it received five FOIA requests from Plaintiff on November 6, 2023. Defendant respectfully refers the Court to those requests for a complete and accurate statement of their contents and denies the allegations to the extent that they are inconsistent therewith.

18. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

19. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

20. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

21. Defendant admits the allegation of Paragraph 21.

22. Defendant respectfully refers the Court to its acknowledgement letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

23. Defendant respectfully refers the Court to its acknowledgement letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

24. Defendant respectfully refers the Court to the 20-day notification letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

25. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

26. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

**PPSL'S April 2025 Requests**

27. Defendant admits that it received five FOIA requests from Plaintiff on April 1, 2025. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

28. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

29. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

30. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

31. Defendant admits the allegation of Paragraph 31.

32. Defendant respectfully refers the Court to its acknowledgement letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

33. Defendant respectfully refers the Court to its acknowledgement letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

34. Defendant admits that it received five FOIA requests from Plaintiff on April 8, 2025. Defendant respectfully refers the Court to those requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

35. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

36. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

37. Defendant respectfully refers the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

38. Defendant admits the allegation of Paragraph 38.

39. Defendant respectfully refers the Court to its acknowledgement letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

40. Defendant respectfully refers the Court to its acknowledgement letters for a complete and accurate statement of their contents and denies the allegations to the extent they are inconsistent therewith.

41. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

42. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

**ED'S Failure to Make Determinations or Produce Records**

43. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

44. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

**<u>CLAIM FOR RELIEF</u>**

**Violation of FOIA, 5 U.S.C. § 552(a)**

45. Defendant incorporates by reference its responses to Paragraphs 1 through 44 as if fully restated herein.

46. Paragraph 46 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

47. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

48. Defendant admits only that, as of the date of this filing, it has not issued a final response to Plaintiff's FOIA request.

49. Paragraph 49 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

## **DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### **FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 USC § 552.

### **SECOND DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA. 5 USC § 552(b).

### **THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### **FOURTH DEFENSE**

Plaintiff is neither eligible for, nor entitled to, an award of attorneys' fees or costs in this action.

### **FIFTH DEFENSE**

Plaintiff is not entitled to injunctive or declaratory relief. 5 USC § 552(a)(4)(B).

Dated: October 8, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Rayford A. Farquhar*

RAYFORD A. FARQUHAR
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3100
Email: rayford.farquhar@usdoj.gov